# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JESUS MALDONADO-ORTEGA, ) <br> ) <br> Defendant. ) <br> ) | **CRIMINAL ACTION** <br><br> No. 10-10104-MLB |

## MEMORANDUM AND ORDER

Before the court are the following:

1. Defendant's pro se motion pursuant to 28 U.S.C. § 2255 (Doc. 21);

2. Government's response (Doc. 24); and

3. Defendant's reply (Doc. 29).

The court also has reviewed the transcripts of proceedings in this court and the presentence report. The court is well aware of the standards pertaining to pro se submissions and claims regarding ineffective counsel. For the following reasons, the court concludes that the motion and the files and records conclusively show that defendant is entitled to no relief and thus denies the motion.

**I. Facts and Procedural History**

The files and records in this case disclose that on August 30, 2010, defendant entered a plea of guilty to an indictment charging a violation of 21 U.S.C. § 841(a)(1), 8 U.S.C. § 1326(a) & (b)(1) and 18 U.S.C. § 922(g)(5). (Docs. 11, 12). On November 15, 2010, defendant was sentenced to a term of 240 months imprisonment on the drug charge and 120 months imprisonment on the illegal re-entry and

gun charges to run concurrently (Doc. 16). Defendant did not file a direct appeal to the Tenth Circuit. Instead, defendant filed this motion before the court.

**II. Analysis**

Defendant contends that his trial counsel was ineffective in three respects: 1) failing to argue for certain reductions in his sentence; 2) failing to argue for a reasonable sentence; and, 3) failing to argue for a reduced sentence because defendant will be deported. Defendant also contends that this court lacks subject matter jurisdiction over the charges.

When defendant entered his plea[1], the court determined, after defendant was sworn, that he was 43 years old, had a sixth grade education, had no history of mental problems and was satisfied with his counsel's representation (Doc. 26 at 2-3). The court explained the charges to which defendant proposed to enter a plea of guilty, the requisite elements of proof, the mandatory minimum and maximum prison sentences, and how the court would determine his sentence using the Sentencing Guidelines and the statutory factors. The court advised defendant:

> Well, I'm going to cover some of it with you; so if you have any questions, I want you to tell me, because there's some pretty serious sentences involved in this case.
> Paragraph 1 says that you will enter a plea of guilty to Counts 1, 2 and 4. You understand that the maximum penalty in Count 2 -- excuse me -- for Count 1, is two years in prison and a fine, and supervised release. Count 2 -- and this is the big one -- is a mandatory minimum prison sentence of not less than ten years nor more than life; a very large fine; supervised release. And then Count

---

[1] At both the plea and sentencing hearings, defendant was provided with the services of an interpreter.

>     4 is a maximum penalty of ten years, a fine, supervised
> release.
>     Now, as a practical matter -- I know Mr. Freund has
> explained this to you -- when you combine all of these
> sentences together, the practical effect is that you are
> agreeing to serve at least ten years in a federal
> penitentiary and as much as life in a federal penitentiary.
> You understand that?

(Id. at 7-8).

Defendant indicated that he understood. Defendant also stated that he understood that his attorney could advise him about sentencing but could not promise any particular sentence. (Doc. 26 at 12). The court also explained the appellate and collateral attack waiver in the plea agreement:

>     Paragraph 11 is important and it's especially
> important probably for somebody like you because, frankly,
> you're going to spend a long time in the federal
> penitentiary. You're going to get to the penitentiary and
> a bunch of people there -- you've already been there once,
> I assume -- a bunch of people there are going to talk to
> you about how your lawyer didn't represent you correctly or
> the judge didn't do this or that, and you're going to --
> they're going to encourage you to file what's called a
> Section 2255 motion. In this paragraph, you're agreeing you
> won't do that. In this paragraph you're agreeing, first of
> all, that if I give you a sentence that is within the
> sentencing guideline range and the statutory factors that
> you won't appeal to the next higher court out in Denver.
> You're also agreeing that you won't come back to me at a
> later date and ask me to re-open your case, change your
> sentence, lower your sentence or do anything.
>
>     You understand the practical effect of this paragraph
> is, with one slight exception which hardly ever applies, is
> that you are agreeing that you will never ask any court
> anywhere at any time for any reason to change what happens
> to you in my court. Do you understand that?

(Id. at 14-15).

Defendant responded that he did understand. The court then turned to defendant's written petition to enter his plea which contains similar admonishments and representations. Defendant stated

-3-

that he understood the petition, had no questions about it and knew he was signing it under oath. (Id. at 12).

When defendant appeared for sentence, the court heard evidence concerning defendant's contention that he should be found to be a minor participant. Defendant was informed of his right to testify and call witnesses. He declined the opportunity. After hearing the evidence, the court found that defendant had not satisfied his burden to prove that he was a minor participant. The court then asked if defendant had reviewed the presentence report. Defendant said that he understood the presentence report and did not want to change or correct any portion of it. Defendant also stated that he was satisfied with his attorney's performance. The court informed defendant that with a total offense level of 35 and a criminal history category of III he was facing a 210 to 262 month guideline sentence.

Notwithstanding his sworn acknowledgment that he understood he was waiving his right to file a collateral attack, defendant filed this motion. The government points out that defendant waived his right to file a § 2255 motion and asks the court to enforce that waiver. Here, defendant makes no claim, nor can he, that he did not understand the waiver of his right to file a § 2255 motion. Thus, defendant is foreclosed from making a claim under the waiver prong of Cockerham[2]. The question, then, is whether defendant's claims are sufficient to trigger the "validity of the plea" prong of the Cockerham exception. Any claims that do not touch on the validity of the plea are therefore waived by the plea agreement.

---

[2]United States v. Cockerham, 237 F.3d 1179 (10th Cir. 2001)

Defendant's claims concerning his sentence all focus on the reasonableness of the sentence and whether certain reductions should have applied. Defendant makes no argument concerning the validity of the plea agreement. In fact, defendant's motion makes no mention of the plea agreement after stating his position that his motion is filed in accordance with the Cockerham exception. Because defendant's claims of ineffective assistance of counsel do not touch on the validity of the plea they are waived by the plea agreement.[3]

Defendant's last claim is that this court did not have subject matter over his crimes. See 28 U.S.C. § 2255 ("A prisoner in custody under sentence of a court established by Act of Congress **claiming** the right to be released upon the ground that ... the court was without jurisdiction to impose such sentence ... may move the court which imposed the sentence to vacate, set aside or correct the sentence."). This claim is also waived by the plea agreement. And, in any event, is without merit. Defendant has been charged with violations of federal law and his sentence was imposed by a sitting federal judge. The fact that his arrest was undertaken by local law enforcement has no bearing on the validity of federal charges and this court's jurisdiction.

**III. Conclusion**

Accordingly, the court finds that the files and records conclusively show that defendant is entitled to no relief. Defendant's motion pursuant to 28 U.S.C. § 2255 is denied. (Doc. 21).

---

[3] So the record is clear, if defendant's counsel had made the arguments suggested by defendant, the court would have imposed the same sentence.

IT IS SO ORDERED.

Dated this __2nd__ day of February 2012, at Wichita, Kansas.

                                      s/ Monti Belot
                                      Monti L. Belot
                                      UNITED STATES DISTRICT JUDGE